Li v. Sessions

BIA
A099 429 143

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

XIA LI,
> *Petitioner,*

v.                                                    16-844
                                                       NAC
JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xia Li, a native and citizen of the People's Republic of China, seeks review of a March 7, 2016, decision of the BIA denying Li's motion to reopen. *In re Xia Li,* No. A099 429 143 (B.I.A. Mar. 7, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In her motion to reopen, Li asserted that conditions for Christians had worsened in China excusing the untimely filing of her motion and demonstrating her prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") based on her conversion to Christianity in the United States. It is undisputed that Li's 2015 motion to reopen was untimely filed more than six years after her order of removal became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). The BIA did not err in finding that Li failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, the U.S. Department of State reports demonstrate that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups continuously since before Li's 2007 hearing. Li's evidence further demonstrates that the treatment of unregistered religious groups varies widely from region to region, and it does not reveal increased persecution of such

3

groups in Li's home province. *Cf. Jian Hui Shao*, 546 F.3d at 142, 149 (finding no error in the BIA's requirement that an applicant demonstrate local enforcement of a government policy in a manner that would give rise to a well-founded fear of persecution when the country conditions reflect local variations in enforcement).

Accordingly, because the BIA reasonably found that Li did not demonstrate a material change in conditions in China, it did not abuse its discretion in denying her motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk